CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAR 19 2007

JOHN F. CORCORAN, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) | CASE NO. 3:06CV00026 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| RUSSELL ROHRBAUGH, et al., | ) | By: B. WAUGH CRIGLER U.S. MAGISTRATE JUDGE |
| Defendants. | ) | |

On May 18, 2005, Metropolitan Life Insurance Company ("MetLife") filed this action seeking to interplead with the court for the court to disburse proceeds of a life insurance policy it issued to Beulah R. Hay ("Hay") who died on February 11, 2006. Issue was joined by some defendants, *pro se*, and on October 6, 2006 the case was referred to the undersigned under authority of 28 U.S.C. 636(b)(1)(B) to conduct proceedings and submit to the presiding District Judge a report setting forth findings, conclusions and a recommended disposition. On the same date, MetLife moved to be dismissed from the action which, upon recommendation of the undersigned, was granted by the presiding court on January 4, 2007.

On January 4, 2007, the case again was referred to the undersigned to conduct proceedings, including settlement proceedings, relating to the disposition of the case. Upon due notice to the remaining parties who had a potential an interest in the life insurance proceeds which were interpled in this action, none of whom have been represented by counsel,[1] a plenary hearing was

---

[1]Rachel Willette filed an answer *pro se*, raising the question of whether the decedent was competent to and voluntarily effectuated a change of beneficiaries from Willette and her siblings to Edith Taylor, Willette's mother. (Doc. # 12.) Rohrbaugh has never entered the case, but a letter from Rohrbaugh to MetLife claiming that the decedent was not competent to change beneficiaries was submitted with the pleadings filed by MetLife. If what Willette has alleged is found to be true,

held before the undersigned on February 26, 2007. Appearing at the hearing were Edith Taylor ("Taylor"), the decedent's daughter and Sharon Stull ("Stull"), Taylor's daughter and the decedent's granddaughter. Neither of the other two siblings who were original beneficiaries under the policy elected to appear in order to present evidence or challenge the admission or veracity of the evidence adduced at the plenary hearing.

For the reasons which follow, the undersigned will RECOMMEND that the presiding District Judge enter an order GRANTING judgment in favor of Edith R. Taylor and against all other claimants as to the entire insurance proceeds, together with such interest which has accrued in the registry of the court, DIRECTING the Clerk to remit same to her, and DISMISSING this action from the docket of the court.

**FACTUAL BACKGROUND**

There is no dispute in this case that Beulah Hay had in force at the time of her death a $10,000.00 basic group MetLife insurance policy secured through her employment at Sears Roebuck & Co.[2] On December 19, 1996, she had duly designated the defendants, Russell Rohrbaugh ("Rohrbaugh"), Rachel M. Willette ("Willette") and Sharon Stull ("Stull"), who were her grandchildren and children of her daughter, Edith R. Taylor. (Defendants' Exhibit 1.) However, on February 25, 2003, Hay executed as change of beneficiaries, this time designating Taylor as the sole beneficiary. (Defendants' Exhibit 1.) Willette's pleadings contend that Hay was not of sound mind or legally competent at the time she executed this change of beneficiary. Stull

---

the change of beneficiaries would be ineffectual, and all the original beneficiaries, including Willette's brother, Russell Rohrbaugh, would be entitled to the proceeds *per capita.*

[2]Interest has accrued on the face amount of the policy proceeds since the policy has become due and payable.

and Taylor have taken an opposite view.

**EVIDENCE AT PLENARY HEARING**

Sharon Stull, an original beneficiary, appeared and informed the court that she desired to waive any claim to the proceeds in favor of Taylor, her mother. Stull has lived in Culpeper, Virginia since 1982 and was aware that Hay, her grandmother, moved in with her mother. The two lived together in Lignum, Virginia where Taylor assisted her grandmother in a number of ways including taking Hay to doctor's appointments, providing meals and generally caring for Hay's needs until Hay died. Stull visited the residence on an average of six days per week, and from her perspective, Hay enjoyed good health "overall." Stull testified that she never observed Taylor attempting to coerce Hay or overbear her will. In fact, Stull testified that everything Taylor did was for her grandmother's benefit. Stull believed her mother is entitled to the insurance proceeds, revealed her desire that Taylor receive the proceeds and indicated that Hay possessed the capacity to change beneficiaries in 2003.

Taylor testified that she moved to a parcel of "family land" near Lignum in Culpeper County, Virginia that had been partitioned. Her mother, who was born in 1918, had been living for about two years in a former Culpeper elementary school which had been converted to apartments until she was assaulted by another resident of the complex. Prior to and even after the assault, Taylor described Hay's physical condition as "fine." Taylor testified that, while Hay lived in the complex, she walked everywhere around the Town of Culpeper. In the summer of 2002, Hay sought to move into the basement of Taylor's home in Lignum out of concern for her own safety in the apartment complex. After moving to Lignum, Hay remained active and made several solo trips by bus to visit friends and family in Ohio.

Taylor described her relationship with her mother as "generally good." Hay lived off a

small pension from Sears and on Social Security benefits, and while living in the apartment complex, paid her own expenses. At first, Hay paid rent of $300.00 per month. However, not long after she moved in, hay and Taylor agreed that Hay was to live rent free. From time to time, Hay did give Taylor $100-$300 for sundries, and as much as $500.00 " a couple times."

There came a time when Hay informed Taylor that she wanted to change beneficiaries on her life insurance policy. Hay told Taylor that she already had given $17,000 to Willette and $20,000 to Rohrbaugh. Hay asked Taylor to help her with a call to the insurance company, which was done. In response, the company sent the appropriate forms. While Taylor assisted Hay in filling out the forms, she testified that Hay "told me what to put" in them. Taylor asked Hay whether she should "let my son know" of the change, but Hay declined permission on the basis that if Rohrbaugh knew of the change, he would no longer visit Hay.

In 2005, Hay moved to the main floor of the Taylor home because of her declining health. Taylor "took care" of Hay the entire time from that point forward, and she was medically attended by doctors both in Culpeper and Fredericksburg, Virginia. Hay remained upstairs with Taylor for approximately six months before her death. Though her health and mental capacity declined, she remained very active until she was struck down by a heart attack. Hay died three (3) years later. After being notified himself, Rohrbaugh informed MetLife of Hay's death.

The undersigned received Taylor's Exhibits 1 (the original and changed beneficiary form) and 2 (a collection of letters relating to Hay's state of mind and health during the relevant time.) Stull had no objection and the remaining parties waived any objection by their failure to appear after being notified of the hearing.

**APPLICABLE LAW, FINDINGS AND CONCLUSIONS**

In order for there to be an effective change of life insurance beneficiary under Virginia law:

1) the right to do so must be reserved in the policy, i.e. there must be a right to do so; 2) the owner must have a voluntary intent to do so; and 3) there must be an overt act in furtherance of that intent which complies with the requirements of the policy to effectuate a change. 10B *M.J., Insurance*, §108. Here the beneficiaries could be changed because the undisputed evidence is that a change form was requested by the policy owner, sent to and completed at the owner's direction and then returned to and approved by MetLife. The change certainly is *prima facie* evidence of intent to change, and despite allegations that the decedent was not competent to voluntarily change the beneficiaries, the undisputed hearing evidence is that Hay had the clear, competent, uncoerced and unimpeded desire and will to remove her grandchildren and replace her daughter as beneficiary of her MetLife insurance policy. Not only did the evidence show Hay's mental and physical state were good at the time the change was effectuated, a number of legitimate reasons were presented to justify her doing so. Moreover, some three years elapsed after the change, during which time the decedent traveled on her own to Ohio and remained very active and vital in the affairs of her life. The evidence also demonstrates that she understood and appreciated the fact Willette and Rohrbaugh had received their respective portions of her estate in other ways. In fact, the change of beneficiaries impacted Stull the most, as she neither received gifts from her grandmother prior to her death nor will she share in the proceeds if the change was effectual. Thus, she would have the most to gain from any incompetence on Hay's part when the change was made. Yet, she offered the court clear and unwavering evidence that Hay was competent, and that she followed all the steps Metlife requires when she executed the papers changing beneficiaries to her mother.[3]

---

[3]The undersigned notes Defendants' Exhibit 2 (collective letters). While these letters are hearsay, no objection was interposed to their introduction, and the undersigned is considering this evidence merely corroborative of the evidence offered at the hearing. Under these circumstances, the presiding court could consider the collective exhibit for the truth of what is asserted in it.

The undersigned FINDS and CONCLUDES Hay was competent to change beneficiaries and that the change to Edith Taylor should be given full effect by the court.

**RECOMMENDATION**

Accordingly, the undersigned RECOMMENDS that the presiding District Judge enter an Order GRANTING judgment in favor of Edith R. Taylor and against all other claimants as to the entire insurance proceeds, together with such interest which has accrued in the registry of the court, DIRECTING the Clerk to remit same to her, and DISMISSING this action from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the Hon. Glen E. Conrad, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: ______________________
U. S. Magistrate Judge

March 19, 2007
Date